**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTINE L. HILL, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0744-I-2 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: February 21, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Mount Pleasant, South Carolina, for the appellant.

<u>Louise A. Schmidt</u>, Esquire, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal and denied her affirmative defense of retaliation for engaging in protected equal employment opportunity (EEO) activity.  On petition for review, the appellant challenges the administrative judge's findings that the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

agency proved its sole charge of absence without leave (AWOL) and that she failed to prove her EEO retaliation affirmative defense.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify the analysis of the AWOL charge, we AFFIRM the initial decision.

The administrative judge properly sustained the AWOL charge.

¶2        To prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.  When an employee has requested leave to cover her absences, an AWOL charge will be sustained only if the agency establishes that her requests were properly denied.  *Id.*, ¶ 28.  If the employee requested leave without pay (LWOP) for the periods when she was placed in an AWOL status, the Board will examine the record as a whole to determine if the denial of LWOP was reasonable under the circumstances.  *Id.*  Ordinarily, when an employee who is incapacitated for duty has exhausted all of her leave, an

agency may properly deny her LWOP request when there is no foreseeable end to her absences and when those absences are a burden on the agency. *Id.*, ¶ 29.

¶3	In addition, contrary to the appellant's assertion, an agency is not required to provide an employee with notice of her leave status. *Cresson v. Department of the Air Force*, 33 M.S.P.R. 178, 181 (1987); Petition for Review (PFR) File, Tab 5 at 6. Rather, it is the employee who is responsible for requesting leave and providing the agency with the necessary supporting medical documentation. *Cresson*, 33 M.S.P.R. at 181. An appellant cannot assume that an agency has approved leave in the absence of any notification on a leave request; to do so would be inconsistent with the appellant's responsibility for requesting leave and keeping the agency informed about her availability for work. *See Johnson v. General Services Administration*, 46 M.S.P.R. 630, 634, *aff'd*, 944 F.2d 913 (Fed. Cir. 1991) (Table).

¶4	The agency informed the appellant on March 2, 2016, that her failure to request—and obtain—approval for leave after March 18, 2016, or her failure to report to duty after March 18, 2016, may result in her being coded AWOL. *Hill v. Department of Defense*, MSPB Docket No. DC-0752-16-0744-I-1, Initial Appeal File (IAF), Tab 8 at 76. Although the appellant sent emails on March 15 and March 18, 2016, seeking an extension of her leave under the Family and Medical Leave Act of 1993 (FMLA) from March 21 through April 22, 2016, the agency did not receive them because they were blocked by its spam filter, and neither party was alerted to the delivery failure. IAF, Tab 8 at 79-80, Tab 14 at 37; Hearing Transcript, Day 2 (HT 2) at 6-9, 16-18 (testimony of the IT Division Chief for the Department of Defense Education Activity Americas). Indeed, in an email dated April 29, 2016, the appellant admitted that she had not received a response from the agency regarding her March 15 and March 18 requests, and thus she resent them. IAF, Tab 8 at 147.

¶5	Here, the administrative judge properly found that the appellant was absent without authorization from March 21 through May 12, 2016. *Hill v. Department*

*of Defense*, MSPB Docket No. DC-0752-16-0744-I-2, Appeal File, Tab 21, Initial Decision (ID) at 2-12. As to her absence without authorization from March 21 through April 22, 2016, we find that the appellant's failure to follow-up on her request to extend her FMLA leave until April 29, 2016, seven days after the requested extension period had passed, is inconsistent with her responsibility for requesting leave and that the administrative judge, therefore, properly found that the agency proved that the appellant was AWOL from March 21 through April 22, 2016. ID at 11; *see Johnson*, 46 M.S.P.R. at 634. Nevertheless, as the deciding official noted in the decision letter, the appellant had 3 days of her 60-day entitlement to FMLA leave remaining when the agency removed her. IAF, Tab 8 at 155. Therefore, even assuming that the agency was required at the time that it ultimately received her request to retroactively approve those remaining 3 days of leave, the administrative judge properly found that the leave would only carry her until March 24, 2016. ID at 12. Accordingly, we affirm the administrative judge's alternate finding that the agency proved by preponderant evidence that, even if the agency was required to retroactively approve her remaining FMLA leave, the appellant still was AWOL from March 24 through April 22, 2016. *Id.*

¶6      As to her absence without leave from April 25 through May 12, 2016, we find the agency's decision not to approve her request for an extension of leave during this time period reasonable under the circumstances. *See Savage*, 122 M.S.P.R. 612, ¶¶ 28-29. Significantly, the administrative judge credited the testimony of the appellant's supervisor that her fourth grade teacher position was "mission essential" and that her continued absence had a "tangible, deleterious impact" on the fourth grade students. ID at 15. Moreover, at the time of her request, the appellant was living in Virginia and had never even visited her duty station in North Carolina, she had been continuously absent from duty for nearly 5 months, including approximately 1 month of AWOL, and her most recent doctor's evaluation that she provided the agency, dated April 20, 2016, indicated that she needed to continue her treatment for at least an additional 7-8 weeks.

IAF, Tab 8 at 81, 85; HT 2 at 115, 202-03 (testimony of the appellant). Accordingly, we find that the agency proved the AWOL charge for the appellant's absence without authorization from April 25 through May 12, 2016. *See, e.g.*, *Young v. U.S. Postal Service*, 79 M.S.P.R. 25, 39 (1998) (finding that a denial of LWOP for the period of absence was reasonable when her absence was a burden to the agency and there was no foreseeable end to her absence after having been continuously absent from duty for nearly 7 months). These two periods of AWOL, spanning from March 24 through May 12, 2016, combine for a total of 25 workdays. Under the circumstances, in which the administrative judge found that the appellant, at a minimum, was AWOL on 25 of the specified 28 workdays, we find that the agency proved the essence of its charge.[2] *See Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[2] The administrative judge also found in the alternative that, even assuming that the appellant may have been deemed to have justifiably relied on the agency's past record of somewhat permissive and occasionally retroactive approval of past requests for FMLA leave, no such misapprehension could suffice to explain her failure to report after May 3, 2016, when the agency confirmed by email that her FMLA leave had been exhausted and that she had been carried in an AWOL status since March 21, 2016. ID at 12. In so finding, he implicitly discredited the appellant's assertion that she did not receive the May 3, 2016 email until May 16, 2016, but he did so without explanation. PFR File, Tab 5 at 17. Nevertheless, as explained above, we find that the administrative judge properly sustained the AWOL charge from March 24 through May 12, 2016. Accordingly, we vacate this alternate finding.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.